Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6778 | **DATE** | 11/7/2011 |
| **CASE TITLE** | The People of State of Illinois vs. Airrion S Blake | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the instant action is hereby ordered remanded back to the Circuit Court of Cook County, case number 11-6-00963401, forthwith. All pending motions are denied as moot. Civil case terminated.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This matter is before the court on Defendant Airrion S. Blake-Bey's (Bey) motion for leave to proceed *in forma pauperis* and motion for appointment of counsel. Bey removed the instant action from state court on September 27, 2011. Bey indicates in his *pro se* notice of removal that the instant action is an ongoing state court criminal action in which Bey is charged with resisting a police officer. (Not. Rem. Par. 17); (Not. Rem. Ex. A). Bey indicates that a trial has not yet commenced in this case in state court because of the filing of Bey's notice of removal. (Not. Rem. Par. 17). Bey is seeking in his notice of removal, among other things, to challenge the legality of his arrest. Bey also contends that he has been subjected to malicious prosecution and seeks injunctive relief such as an order prohibiting the State of Illinois from arresting him. (Not. Rem. Par. 8, 14, 19).

Bey indicates in the notice of removal that he removed the instant action pursuant to 28 U.S.C. § 1441 (Section 1441) and 28 U.S.C. § 1446. (Not. Rem 1). Section 1441 does not specifically reference the removal of criminal actions. 28 U.S.C. § 1441. Section 1446 references the removal of a criminal prosecution from state court, but Section 1446 merely provides the procedures for a removal. Bey also premises his alleged right to a removal on 28 U.S.C. § 1443(1) (Section 1443(1)). (Not. Rem. Par. 10).

| STATEMENT |
|---|

Section 1443(1) provides the following: "Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . ." 28 U.S.C. § 1443(1).

Section 1443(1) has been interpreted "to apply only if the right alleged arises under a federal law providing for civil rights based on race and the petitioner must show that he cannot enforce the federal right due to some formal expression of state law." *State v. Haws*, 131 F.3d 1205, 1209 (7th Cir. 1997). Bey has made no showing that this case can be removed under Section 1443(1). In addition, under the *Younger* abstention doctrine "federal courts cannot enjoin ongoing state criminal proceedings unless extraordinary circumstances are present." *Id.*; *See also Nelson v. La Crosse County Dist. Atty. (State of Wisconsin)*, 301 F.3d 820, 825 n.2 (7th Cir. 2002)(stating that "[u]nder the *Younger* abstention doctrine, federal courts cannot enjoin ongoing state criminal proceedings unless extraordinary circumstances are present"). Bey has not presented any extraordinary circumstances that would warrant interfering in the ongoing criminal proceedings in this case. Therefore, the instant action is remanded to state court. All pending motions are denied as moot.